### WILLIAM LUBBERING V. STATE OF OHIO.

1. FAILURE TO PAY ALIMONY AND COSTS OF CONTEMPT.

   A court has the power to imprison one who has been ordered to pay alimony in an amount which he could pay, but which he refuses to pay ; but where there is added to the amount of alimony a fine and costs of the contempt proceeding, and the defendant is committed until the whole sum is paid, the order of imprisonment is invalid.

2. FINE AND COSTS SIMPLY JUDGMENT FOR MONEY.

   A sum ordered to be paid as fine and costs in a contempt proceeding amounts simply to a judgment for money, and the court has no power to imprison as for contempt on failure to pay it.

3. IMPRISONMENT FOR FAILURE TO PAY ALIMONY—CONSTITUTIONAL.

   Alimony is something more than a debt, and imprisonment for failure to perform is not against the provisions of our constitution or our statutes.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

The plaintiff in error, Lubbering, was tried in the court of common pleas of Hamilton county on charges of contempt of that court. The contempt charged was that said Lubbering had neglected and refused to comply·with the decree of that court when he was ordered to pay to his wife, Mary Lubbering, alimony to the amount of $1.50 per week, and to her attorney, D. D. Robinson, an attorney's fee of $15.00. The court found the said Lubbering guilty of having failed to pay the alimony to the wife, as charged, and ordered him to pay at once the amount due the wife, to-wit, the sum of $4.50, and an additional sum of $25 00 to be applied in the payment of the expenses of the contempt proceedings, and also the costs of the contempt proceedings, amounting to $16.41, and that in default thereof, ordered him committed to the county jail, to be confined until said sums of money were paid.

We think the judgment of the court should be set aside. The court had no power to order the accused to be confined in the jail until the fine and costs were paid.

Lubbering v. State.

Section 5645, Rev. Stat., provides:

" And if it be adjudged that he is guilty he may be fined not exceeding $100, or imprisoned not more than ten days, or both."

And sec. 5646, Rev. Stat., provides:

" When the contempt consists in the omission to do an act which is yet in the power of the accused to perform, he may be imprisoned until he performs it."

The only contempt charged against Lubbering, which the court found him guilty of, was in not paying the $4.50 alimony to the wife, and if Lubbering had been ordered imprisoned until he paid this amount, we would hold the judgment valid, for we are of the opinion that the evidence shows he could have paid this amount; but what the court did was to order him committed until he paid $25.00 in the nature of a fine and the costs of the proceedings in contempt. The fine and costs were simply a judgment for money, and there was no power in the court to imprison as for a contempt on the failure to pay it.

The power to imprison as for a contempt on failure to pay alimony we think rests on different grounds. Alimony is something more than a · debt, and the best interests of society require that decrees of this nature should have all the power that courts can give for their enforcement. · It is a protection to the family and the marriage relation which is the foundation of our society. We adhere to the ruling made by this court in Effinger v. State of Ohio, 5 Circ. Dec., 408.

Judgment reversed and cause remanded to the court of common pleas to carry this judgment into execution and for such further proceedings as are authorized by law.

*G. C. Wilson*, for plaintiff in error.

*H. E. Stagman*, for the state.